IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BILLY ALEXANDER MOORE,<br>　　　Plaintiff, | )<br>)　　Civil Action No. 7:19-cv-00683<br>) |
| v. | )<br>) |
| SOUTHWEST VIRGINIA REGIONAL<br>JAIL AUTHORITY, et al.,<br>　　　Defendants. | )　　By: Michael F. Urbanski<br>)　　Chief United States District Judge<br>) |

## MEMORANDUM OPINION

Billy Alexander Moore, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. By order entered July 29, 2020, the court dismissed Moore's complaint after he failed to provide an updated address to the court, and mail was returned undeliverable with no forwarding address. ECF No. 17.

On January 11, 2021, the Clerk received from Moore a document docketed as a motion to reopen the case. ECF No. 20. In it, Moore explains that after he was released from incarceration, he was homeless and did not have an address to provide the court. He also references the death of his father and other family difficulties during the months before his lawsuit was dismissed. He thus asks that the court reopen the case. Id.

Moore's motion to reopen will be granted, and the court will direct the Clerk to reopen this case for the limited purpose of allowing the court to review Moore's complaint pursuant to 28 U.S.C. § 1915A(b)(1). Notably, however, Moore's complaint is subject to dismissal for failure to state a claim, and so the case will be dismissed and closed once again.

I. DISCUSSION

**A. Review Under § 1915A(a)**

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See also 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding in forma pauperis, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Moore's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1). Furthermore, nothing about his allegations suggest that an opportunity to amend would cure the deficiencies in his complaint. Accordingly, the court will dismiss this action with prejudice.

**B. Moore's Claims**

In his complaint, Moore lists four defendants: Southwest Regional Jail Authority, Haysi Regional Jail Facility, Michael Owens, and Trish McCoy.[1] He asserts three claims. First, he alleges that he was "put in the hole" by Owens at Haysi for ten days "over a couple [of] ibuprofens

---

[1] In addition to the reasons discussed in the text of this opinion, any claims against the jail itself must be dismissed as a jail is not a "person" and thus not a proper defendant to a § 1983 claim. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (holding that a jail is not a "person" under § 1983 and also "lacks the capacity to be sued"). Similarly, as to the claim against the Southwest Virginia Regional Jail Authority ("Jail Authority"), "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes (continued on next page)

2

without [being] given the option to appeal the in-house charge." He alleges that Owens did not give him an option to appeal and got angry with him, calling him names and threatening to "pull [him] out of his cell." Compl. 3, 4, ECF No. 1.

Second, Moore alleges that unidentified staff at the Haysi Regional Jail have called him various discriminatory names based on his sexual orientation. As part of his second claim, he argues that unidentified staff have "treated [him] differently" because of his sexual orientation. The only difference in treatment that he refers to, however, is that they are verbally and emotionally abusive toward him. He offers no additional detail about any other differential treatment. Id.

Third, Moore alleges that he informed Captain Trish McCoy and she "has been aware of these hate crimes/discrimination," but she has done nothing. The only relief that he seeks is that a "hate crime lawsuit" and a "discrimination lawsuit" be filed against all defendants. Id. at 3.

1. **Due Process Claim**

With regard to Moore's first claim, the court construes it as asserting either a substantive or procedural due process violation. He seems to believe that a ten-day period in segregation was a harsh punishment for what he did, and he complains that he was not permitted to appeal.[2]

To state a due process violation, a plaintiff must first "identify a protected liberty or

---

a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–18 (1985). Moore does not allege that any official policy or custom was responsible for the violations or injuries he allegedly suffered. Therefore, he has failed to state a claim against the Jail Authority for this reason, too.

[2] Moore does not identify the precise charge against him; he simply says that it involved only "a couple of ibuprofen." The court presumes that he either gave the medicine to, or received it from, another prisoner, but the substance of the actual charge is irrelevant to the court's analysis.

3

property interest" of which he was deprived. Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). For an inmate to establish a constitutionally protected liberty interest requires a showing of an "atypical and significant" hardship or deprivation in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation that would give rise to a protected liberty interest). Here, the only penalty identified by Moore is that he was required to spend ten days in disciplinary segregation. Pursuant to Sandin, however, that penalty does not trigger constitutional due process protections. See id. Accordingly, no due process claim can be brought based on that disciplinary charge.

### 2. Eighth Amendment and Equal Protection Claims Based on Verbal Harassment

The court construes Moore's second claim, in which he alleges that he was verbally harassed and abused, as attempting to assert either a claim under the Eighth Amendment or an Equal Protection violation. An Eighth Amendment claim requires—at a minimum—either a "nontrivial" use of force, Wilkins v. Gaddy, 559 U.S. 34, 39 (2010), or a showing of prison conditions that demonstrate a "significant physical or emotional harm, or a grave risk of such harm," Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). There is no allegation of force here, trivial or otherwise. Further, verbal harassment alone does not violate the Eighth Amendment or the Equal Protection Clause. Henslee v. Lewis, 153 F. App'x 179, 179 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."); Chappell v. Miles, No. CA 2:12-303-MBS, 2012 WL 1570020, at *5 (D.S.C. May 3, 2012) (noting that "verbal harassment of an inmate by a prison guard is not typically cognizable as any kind of constitutional violation, including an equal protection violation[,]" but declining

4

to summarily dismiss plaintiff's equal protection claim where he alleged not only that defendant made frequent homophobic remarks, but also physically shoved him and other homosexual inmates more than heterosexual inmates). See also Morva v. Johnson, No. 7:09-cv-00515, 2011 WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) (collecting authority for the proposition that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety," do not give rise to a due process violation or an Eighth Amendment violation). Accordingly, this claim also is subject to dismissal.[3]

### 3. Claim Against McCoy

Moore does not allege that McCoy took any particular action against him, only that she failed to do anything in response to his complaints of verbal harassment and alleged discrimination. Because he does not complain about any misconduct by McCoy herself, it appears that Moore is asserting a supervisory liability claim against McCoy, but his claim fails. "In order to succeed on a § 1983 claim for supervisory liability, a plaintiff must show: (1) that the supervisor had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (quoting

---

[3] Moore alleges that Owens called him slurs based on his sexual orientation when Owens denied Moore an appeal form. But Moore does not allege that any person with a different sexual orientation was treated differently with regard to appeal forms (or in any other way), and he must allege differential treatment to state an equal protection claim. See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (explaining that an equal protection claim requires a litigant to "first demonstrate that he has been treated differently from others with whom he is similarly situated") (citation omitted).

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)). As the court has already concluded there was no underlying constitutional injury to Moore as a result of the verbal harassment or Moore's disciplinary charge. Therefore, no supervisory liability claim can succeed against McCoy.

### 4. Relief Sought

In addition to his failure to state a claim, the relief Moore seeks is unavailable. The only relief Moore requests is the filing of a hate or discrimination case against defendants. He does not seek monetary damages or any other relief. To the extent he is referring to a civil lawsuit, it is unclear who he believes should be compelled to bring such a lawsuit. As for any criminal charges, an individual citizen has no judicially cognizable interest in the criminal prosecution of another person, and may not petition the courts to compel prosecution of another. See Maine v. Taylor, 477 U.S. 131, 137 (1986); Leeke v. Timmerman, 454 U.S. 83, 86–87 (1973).

## II. CONCLUSION

For the foregoing reasons, Moore's complaint must be dismissed for failure to state a claim. Additionally, because the court concludes that an opportunity to file an amended complaint could not cure the noted deficiencies, his complaint will be dismissed with prejudice.

An appropriate order will be entered.

It is so **ORDERED**.

ENTER: January 29, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.01.29 16:12:44
-05'00'

Michael F. Urbanski
Chief United States District Judge